**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT THOMAS TODD, : | |
| : | Civil Action No. 04-5163 (WHW) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| LYDELL SHERRER, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Petitioner pro se
Robert Thomas Todd
#483177/SBI#266637B
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**WALLS**, District Judge

This matter is before the Court on Petitioner Robert Thomas Todd's Petition for habeas corpus relief under 28 U.S.C. § 2254 and an Application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Based upon Petitioner's affidavit of indigency, the Court will grant the Application to proceed in forma pauperis. For reasons discussed below, the Petition for habeas corpus relief must be dismissed without prejudice.

I. BACKGROUND

According to the allegations of the Petition, Petitioner was first convicted of burglary and theft in the Superior Court of

New Jersey, Bergen County, on September 22, 2002. Following a successful appeal, the Appellate Division vacated Petitioner's conviction. Petitioner was tried and convicted again, and he was sentenced on April 8, 2004.

Attached to the Petition is a letter from the State of New Jersey Office of the Public Defender, dated July 12, 2004, stating that all of Petitioner's challenges to his second conviction will be raised on direct appeal as soon as Petitioner has been assigned an appeal attorney.

In the Petition received by this Court on October 21, 2004, Petitioner contends that he has been denied credit by the sentencing court for time spent in custody between the time of his first and second convictions on the same charges. Petitioner admits that he has not exhausted his state court remedies, but states that state process is ineffective to protect his rights.

## II. ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the

2

AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a

petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Alternatively, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly

excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, Petitioner admits that he has failed to exhaust his state court remedies. His attachments indicate that, at the time he submitted his Petition to this Court, the Office of the Public Defender was aware of his claims and was preparing to pursue an appeal. Petitioner has asserted no facts, and supplied no evidence, to support his conclusory contention that state court processes are ineffective. The Petition must be dismissed for failure to exhaust state court remedies.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S.Ct. 1029, 1034 (Feb. 25, 2003). "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court is correct in its ruling that the Petition must be dismissed for failure to exhaust state court remedies.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

William H. Walls
United States District Judge

DATED: 23 Sept 2005